**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

PRECISION SAWING, INC. d/b/a                     PLAINTIFF/COUNTER-DEFENDANT
PRO STRUCK

v.                              No. 5:13CV00054 JLH

CANE CREEK CONCRETE SERVICES,
INC.; and STEVEN CRAIN                           DEFENDANTS/COUNTER-PLAINTIFFS

<u>**OPINION AND ORDER**</u>

Precision Sawing, Inc., d/b/a Pro Struck, brings this action against Cane Creek Concrete

Services, Inc., and Steven Crain on a promissory note executed by Cane Creek and a guaranty

executed by Crain.  Cane Creek and Crain have counterclaimed for breach of contract and a setoff,

alleging a failure of consideration constituted by Pro Struck's failure to perform under the parties'

service contract.  Pro Struck has filed a motion for summary judgment on separate defendant Crain's

counterclaim.  For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Cane Creek was hired as a subcontractor to perform concrete finishing services for a Wal-

Mart Supercenter building project in Little Rock, Arkansas.  Cain Creek, in turn, hired Pro Struck

to perform laser-screeding services prior to the pouring of the concrete.  Various problems developed

between Cane Creek and the general contractor, and Cane Creek was unable to pay Pro Struck at the

conclusion of its work.  Pro Struck agreed to accept a promissory note from Cane Creek for

$93,764.00 plus interest of six percent per annum.  Crain personally executed a guaranty of all sums

due and payable pursuant to the note.

Subsequent to the execution of the note and guaranty, it was discovered that Pro Struck had

committed mistakes that resulted in excessive concrete being poured.  Concrete had to be torn out,

and extensive warranty repairs were made.  Cane Creek did not make scheduled payments to Pro

Struck.  Pro Struck subsequently attempted to send demand letters for payment to both Cane Creek

and Crain.  The letters were returned unclaimed.  Pro Struck filed this action, claiming $101,463.23

in damages.  Cane Creek and Crain filed an answer and subsequently counterclaimed for damages in

the amount of $303,535.00 for warranty repairs, fines, labor, and other costs incurred as a result of

the repair work.

## II.

A court should enter summary judgment if the evidence, viewed in the light most favorable

to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986);

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute

of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the

nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

## III.

Pro Struck argues—and Cane Creek and Crain concede—that Crain's counterclaim is based

solely on the service contract between Cane Creek and Pro Struck.  Document #21 at 2.  Because

Crain was not a party to the service contract, Pro Struck argues, Crain lacks standing to assert claims

or defenses that are based on that contract.  Cane Creek and Crain respond that Pro Struck failed to

perform under the service contract, thus giving rise to Cane Creek's counterclaim for breach of

contract and a setoff against Pro Struck.  They argue that if Cane Creek's counterclaim is successful,

then Cane Creek is not liable to Pro Struck under the service contract.  And because the promissory

note's sole purpose was to evidence Cane Creek's liability to Pro Struck, Cane Creek's lack of

liability inures to the benefit of Crain's defense against Pro Struck's enforcement of the guaranty.

The Arkansas Supreme Court[1] has stated:

> A guaranty is a collateral undertaking by one person to answer for the payment of a debt of another. *Gulf Refining Co. v. Williams Roofing Co.*, 208 Ark. 362, 186 S.W.2d 790 (1945); 38 Am. Jur. 2d Guaranty s 2. A guarantor is one who makes a contract, distinct from the principal obligation, to be collaterally liable to the creditor if the principal fails to perform. Williston on Contracts 3rd, s 1211 (1967). The undertaking of the principal debtor is independent of the promise of the guarantor. *Coombs v. Heers*, 366 F. Supp. 851 (D.C. Nev. 1973). Upon default of the principal debtor and satisfaction of conditions precedent to liability, promise of guarantor becomes absolute. *National Bank of Washington v. Equity Investors*, 81 Wash. 2d 886, 506 P.2d 20 (1973); *Ranier Nat. Bank v. Lewis*, 30 Wash. App. 419, 635 P.2d 153 (1981). For a guarantor to become liable under a guaranty of payment, there need only be a failure of the primary obligor to make payment. *In re Waters*, 8 B.R. 163 (Bkrtcy. Ga.1981).

*First Am. Nat. Bank v. Coffey-Clifton, Inc.*, 276 Ark. 250, 252, 633 S.W.2d 704, 705 (1982).

Pro Struck cites *Grand Valley Ridge, LLC v. Metropolitan National Bank*, 2012 Ark. 121, at 10-11, 388 S.W.3d 24, 31 (2012) in support of its claim that Crain has no standing to assert claims or defenses based on the service contract. *Grand Valley Ridge* involved a dispute over financing to fund the completion of the Grand Valley Ridge subdivision in Washington County, Arkansas. *Id.* at 2, 388 S.W.3d at 27. Grand Valley Ridge received a loan under a construction-loan agreement from Metropolitan National Bank, in return for a construction mortgage, a promissory note, and a commercial guaranty under which Thomas Terminella personally guaranteed repayment of the debt. *Id.*, 388 S.W.3d at 27. Grand Valley Ridge subsequently failed to make payments, and the bank filed a petition for foreclosure. *Id.* at 3, 388 S.W.3d at 27. Grand Valley Ridge and Terminella counterclaimed, alleging, inter alia, breach of contract. *Id.*, 388 S.W.3d at 27. The bank filed a

---

[1] The parties do not dispute that Arkansas law governs in this case.

motion for summary judgment on the counterclaim, arguing that Terminella lacked standing to assert an action against the bank. *Id.*, 388 S.W.3d at 27. The trial court found that, as a guarantor, Terminella had no standing to sue the bank, and it granted the bank's motion for summary judgment. The Arkansas Supreme Court affirmed, stating, "As a guarantor, [Terminella] had no standing to assert an individual breach-of-contract action against [the bank] on the loan documents." *Id.* at 10, 388 S.W.3d at 31. See also *First Commercial Bank, N.A. v. Walker*, 333 Ark. 100, 112, 969 S.W.2d 146, 152 (1998) ("There is no holding in any of these cases that a guaranty relationship merges with that of a principal borrower so as to allow the guarantor to pursue the borrower's causes of action." (internal citations omitted)).

The cited cases support Pro Struck's claim that Crain lacks standing to assert claims against it based on the service contract. However, Cane Creek and Crain cite *Dean Leasing, Inc. v. Van Buren County*, 27 Ark. App. 134, 767 S.W.2d 316 (1989). In that case, Bobby Woodard executed a lease-purchase agreement on behalf of the county with Dean Leasing, Inc., for a copier and a copier stand. *Id.* at 135, 767 S.W.2d at 316. Woodard signed the agreement in his representative capacity as county judge and in his personal capacity as guarantor of the agreement. After 10 months, the county stopped making payments. Dean Leasing sued both the county and Woodard. Woodard did not file an answer or appear. *Id.* at 136, 767 S.W.2d at 316. The county moved for summary judgment on the ground that the lease-purchase agreement was invalid because the county did not advertise for bids or pass an appropriation ordinance, as required by law. *Id.*, 767 S.W.2d at 317. The trial court granted summary judgment to the county and found that "the issues and defenses raised in the pleadings by the county were applicable to and inure to the benefit of Woodard." *Id.*, 767 S.W.2d at 317. On appeal, Dean Leasing argued that "although the principal obligation between

4

appellant and the county is invalid and unenforceable, Woodard is not relieved of his personal guaranty obligation." *Id.*, 767 S.W.2d at 317.  Nevertheless, the Arkansas Court of Appeals affirmed, stating, "Generally, a guarantor is not liable to the creditor unless the debtor is also bound under the principal contract[.]"  *Id.* at 137, 767 S.W.2d at 318.  The court then quoted the following passage from the *American Jurisprudence* encyclopedia:

> The guaranty promise is a promise to answer for the debt or the default of the principal debtor under his contract with the creditor.  Therefore, unless the debtor is bound under the principal contract, there is no obligation which is guaranteed and the guarantor is not liable to the creditor if the debtor fails to perform.  Applying this principle, the guarantor is not liable to the creditor if there has been a total failure of consideration as to the underlying obligation, and a guarantor is partially discharged to the extent that there has been a partial failure of such consideration.

38 Am. Jur. 2d *Guaranty* § 51 (1968).

Pro Struck argues that *Dean Leasing*'s dicta distinguishes the contract in that case, which was "contrary to law, void, or invalid," from one that is "merely unenforceable against the debtor because of some matter of defense which is personal to the debtor."  27 Ark. App. at 139, 767 S.W.2d 318-19.  However, the holding of *Dean Leasing* is consistent with the Arkansas Supreme Court's opinion in *National Bank of East Arkansas. v. Collins*, 236 Ark. 822, 370 S.W.2d 91 (1963).  In that case, W.D. May executed a promissory note to secure a loan from the National Bank of East Arkansas.  *Id.* at 822-23, 370 S.W.2d at 92.  A few days later, several guarantors executed a guaranty agreement assuring prompt payment of May's note to the bank.  *Id.* at 823, 370 S.W.2d at 92.  May defaulted, the guarantors filed suit to determine their liability, and the trial court adjudicated May liable on the note.  The bank collected its judgment in full for the unpaid principal amount, accrued interest, and some attorney's fees.  *Id.* at 824, 370 S.W.2d at 92.  However, the bank's attorney's fees exceeded the amount it recovered in the judgment.  Consequently, on appeal, the bank argued that it was

entitled to recover the deficiency from the guarantors. *Id.* at 824, 370 S.W.2d at 93. Although the note specifically provided that the bank could recover attorney's fees, the guaranty agreement did not. *Id.* at 825, 370 S.W.2d at 93. The Arkansas Supreme Court held that "the liability of the Guarantors in this case is co-extensive with and does not exceed that of the principal and when the principal debtor was fully released and discharged from his indebtedness by the Bank, thereupon, the liability of the Guarantors was extinguished also." *Id.* at 826-27, 370 S.W.2d at 94. The court stated, "Like a surety, a guarantor is liable only in the event and to the extent that his principal is liable." *Id.* at 826, 370 S.W.2d at 94 (quoting 24 Am. Jur. *Guaranty* § 73 at 922 (Supp. 1962)).

Reading these Arkansas cases together leads to the following result: although Crain, as guarantor of the note, lacks standing to assert *offensive* claims against Pro Struck based on the service contract, he may nonetheless assert a *defensive* claim that his liability is discharged to the same extent that Cane Creek's liability is discharged by Pro Struck's failure to perform.[2] In short, Crain may use Pro Struck's partial or total failure of consideration under the service contract not as a sword but as a shield to defend against Pro Struck's claim on the guaranty.

Here, Crain asserted a counterclaim for breach of contract and a setoff, claiming a failure of consideration and damages for warranty repairs, fines, labor, and other costs totaling $303,535.00. This amount far exceeds the $101,463.23 in damages sought by Pro Struck. Viewing the evidence in the light most favorable to Crain, his counterclaim is defensive to the extent that it asserts a setoff against Pro Struck's claim for damages. *See Little Rock Crate & Basket Co. v. Young*, 284 Ark. 295, 298, 681 S.W.2d 388, 390 (1984) (allowing adjudication of a defensive setoff on remand); *Jones v.*

---

[2] To be clear, Crain's defensive claim consists, not of the amount of Cane Creek's own *affirmative claim* for damages, but of the amount to which Cane Creek's *liability is discharged* by Pro Struck's failure to perform.

6

*Jones*, 22 Ark. App. 179, 182, 737 S.W.2d 654, 656 (1987) (wife asserted a claim for a defensive setoff against her husband's claim to one half of the proceeds from the judicial sale of their home). Beyond that, Crain's counterclaim is in the nature of an offensive claim for which he lacks standing.

To the extent that Crain's counterclaim is defensive, it is actually an affirmative defense. *See First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 621-22 (8th Cir. 2007) (whether a claim is an affirmative defense is a question of state law); Ark. R. Civ. P. 8(c) (listing "failure of consideration" as an affirmative defense); *see also* Black's Law Dictionary (9th ed.) (defining "affirmative defense" as a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."). Federal Rule of Civil Procedure 8(c)(2) provides, in pertinent part, "If a party mistakenly designates a defense as a counterclaim . . . the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."   In this case, Crain's defensive counterclaim amounts to the affirmative defense of failure of consideration, which Cane Creek and Crain had already alleged in their answer to Pro Struck's complaint, consistent with Federal Rule of Civil Procedure 12(b) (generally requiring every defense to a claim for relief to be asserted in the responsive pleading). *See* Document #6 at 2.

Crain's affirmative defense of failure of consideration involves factual issues in common with Cane Creek's counterclaim for breach of contract and a setoff.  Thus, the merits of that defense is not resolvable on a motion for summary judgment.

## CONCLUSION

For the reasons explained above, Crain may assert his affirmative defense of failure of consideration to the same extent that Cane Creek's liability is discharged by Pro Struck's failure to

perform under the service contract.   However, Crain lacks standing to assert an offensive counterclaim on the service contract.   Consequently, Pro Struck's motion for summary judgment on Crain's counterclaim is granted in part and denied in part.   Document #17.[3]

IT IS SO ORDERED this 20th day of March, 2014.

_J. Leon Holmes_

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[3] The claims that remain to be adjudicated include Pro Struck's claim against Cane Creek on the promissory note, its claim against Crain on the guaranty, Crain's affirmative defense for failure of consideration, and Cane Creek's counterclaim for breach of contract and a setoff.